UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GIUSEPPE BETTIOL, derivatively on behalf of ENERGY TRANSFER LP, <br><br> *Plaintiff,* <br><br> v. <br><br> LE GP LLC, *et. al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Civil Action No. 3:19-CV-02890-X |

### **ORDER**

Before the Court is the parties' joint motion to consolidate this case with *King v. Energy Transfer LP, et. al.*, Cause No. 3:20-cv-00719-X (the "King case") [Doc. No. 11]. For the following reasons, the Court **CONSOLIDATES** this case, *Bettiol v. LE GP LLC, et. al.*, Cause No. 3:19-cv-02890-X, with *King v. Energy Transfer LP, et. al.*, Cause No. 3:20-cv-00719-X, pursuant to Federal Rule of Civil Procedure 42. The Court further **DISMISSES AS MOOT** the pending motions in the King case.

Federal Rule of Civil Procedure 42 allows the Court to consolidate actions that "involve a common question of law or fact." "Federal district courts have very broad discretion in deciding whether or not to consolidate."[1] In considering whether to consolidate, a court may consider several factors, including but not limited to:

---

[1] *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993).

1

> (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately.[2]

The Court finds that this case and the King case "involve a common question of law or fact"[3] and so will consolidate them. In considering whether to consolidate, the Court finds factors (1), (2), (3), and (6), as listed above, to be decisive. Regarding the first and second factors, both cases are pending before this Court and involve the same defendants. Considering the third factor, both cases are derivative action suits asserting the same claims. Under the sixth factor, the Court's judicial efficiencies will be increased and resources conserved by avoiding the risk of prejudice and confusion that may come with the overlapping issues between these two cases.

For the reasons stated above and pursuant to Federal Rule of Civil Procedure 42(a), the Court **CONSOLIDATES** *Bettiol v. LE GP LLC, et. al.*, Cause No. 3:19-cv-02890-X with *King v. Energy Transfer LP, et. al.*, Cause No. 3:20-cv-00719-X, under *Bettiol v. LE GP LLC, et. al.*, Cause No. 3:19-cv-02890-X, for all purposes, including pretrial proceedings, trial, and appeal. The Court **DIRECTS** the Clerk to administratively close 3:20-cv-00719-X for statistical purposes. The Court further

---

[2] *Ashford Hosp. Prime Inc. v. Sessa Capital (Master) LP*, 2017 WL 2955366, at *11 (N.D. Tex. Feb. 17, 2017) (Godbey, J.). *See Russo v. Alamosa Holdings, Inc.*, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004) (Cummings, J.) (listing the same factors).

[3] FED. R. CIV. PROC. 42(a).

**DISMISSES AS MOOT** the motions to consolidate and appoint counsel pending in 3:20-cv-00719-X.

**IT IS SO ORDERED** this 18th day of June 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE