IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re Energy Transfer LP Derivative Litigation<br><br>This Document Relates to:<br><br>ALL ACTIONS | **Lead C.A. No.** 3:19-cv-02890-X |

**STIPULATION [AND PROPOSED ORDER]**

WHEREAS, on December 7, 2019, Plaintiff Giuseppe Bettiol, derivatively and on behalf of Energy Transfer LP ("Energy Transfer" or the "Company") filed a Verified Unitholder Derivative Complaint against Defendants Kelcy L. Warren, Thomas E. Long, John W. McReynolds, Marshall S. McCrea, III, Matthew S. Ramsey, Steven R. Anderson, Richard D. Brannon, Ray C. Davis, Michael K. Grimm, K. Rick Turner, Ray W. Washburne, and William P. Williams (collectively, the "Individual Defendants") and Defendant LE GP, LLC ("LE GP" or the "General Partner," and together with the Individual Defendants, the "Defendants") in an action captioned *Bettiol v. Energy Transfer LP, et al.*, No. 3:19-cv-02890-X (N.D. Tex.) (the "Bettiol Action");

WHEREAS, on March 25, 2020, Plaintiff Barry King (together with Plaintiff Bettiol, "Plaintiffs") filed a substantively similar derivative action captioned *King v. Energy Transfer LP, et al.*, No. 3:20-cv-00719-X (N.D. Tex.) (the "King Action");

WHEREAS, on June 18, 2020, the Court entered an order consolidating the Bettiol Action with the King Action (the "Consolidated Derivative Action");

WHEREAS, on August 28, 2020, the Court entered an order appointing The Brown Law Firm, P.C. as Lead Counsel for plaintiffs in the Consolidated Derivative Action and instructing the

1

parties to file a second joint stipulation setting dates for an amended complaint and subsequent briefing (the "August 28 Order") in the Consolidated Derivative Action;

WHEREAS, on September 8, 2020, Plaintiffs filed a Verified Consolidated Amended Unitholder Derivative Complaint ("Consolidated Amended Complaint");

WHEREAS, also on September 8, 2020, the parties filed a stipulation setting dates for subsequent briefing, which was approved in an order entered by the Court on September 9, 2020;

WHEREAS, there is currently pending in the United States District Court for the Eastern District of Pennsylvania a securities class action filed on January 10, 2020, styled *Allegheny County Employees' Retirement System v. Energy Transfer LP, et al.*, No. 2:20-cv-00200-GAM (E.D. Pa.) (the "Securities Class Action") in which the defendants therein filed a motion to dismiss on August 14, 2020;

WHEREAS, the Securities Class Action and this Consolidated Derivative Action contain overlapping allegations and name some of the same defendants;

WHEREAS, in light of the similarities between this Consolidated Derivative Action and the Securities Class Action, and in light of the motion to dismiss that the defendants filed in the Securities Class Action, to conserve the parties' and judicial resources and to promote "the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, the parties to this Consolidated Derivative Action (the "Parties") agree that all proceedings and deadlines in this Consolidated Derivative Action, including discovery and Defendants' obligation to move, answer, or respond to the Consolidated Amended Complaint, should be stayed pending resolution of the motion to dismiss the amended complaint in the Securities Class Action;

WHEREAS, the Parties agree that this Stipulation is made in full reservation of and without waiver or prejudice of any rights, claims, objections, defenses, arguments, and motions whether in

relation to the Consolidated Amended Complaint (or any subsequently filed amended complaint) or otherwise, and whether procedural, substantive or otherwise, that any party may have.

IT IS HEREBY STIPULATED AND AGREED by the Parties and their undersigned counsel as follows:

1. The Consolidated Derivative Action shall be stayed until the entry of an order denying the motion to dismiss the amended complaint in the Securities Class Action, or a final order dismissing the Securities Class Action with prejudice;

2. Defendants shall promptly notify Plaintiffs of any related derivative lawsuits that they become aware of;

3. Defendants shall promptly notify Plaintiffs if a related derivative action is not stayed for a similar or longer duration, in which event, Plaintiffs may lift the agreed stay upon 10 business days' notice in writing via email to counsel for Defendants.

4. Defendants shall promptly notify Plaintiffs in advance of any mediation to be held in the Securities Class Action, and they shall promptly notify Plaintiffs in advance of any mediation to be held in any related derivative lawsuit.

5. Defendants shall not object to including Plaintiffs in any mediation with the plaintiffs in the Securities Class Action and shall not object to including Plaintiffs in any mediation with any purported plaintiff in any related derivative lawsuit or any other related books and records demand proceeding.  If any other party objects to including Plaintiffs in any mediation, then Defendants shall separately mediate with Plaintiffs at or about the same time upon Plaintiffs' request;

6. During the pendency of the stay of the Consolidated Derivative Action, Plaintiffs may file a Consolidated Second Amended Complaint; provided, however, that Defendants shall

have no obligation to respond to such Consolidated Second Amended Complaint (or any complaint) during the pendency of the stay;

7. Within 15 days after the occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, by its court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action filed by the defendants in the Securities Class Action; or (3) the lifting on this stay in accordance with Paragraph 3 of this Stipulation, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Derivative Action, including the date by which Defendants must move, answer or otherwise respond to the then-operative complaint; and

8. All deadlines, hearings, or conferences currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties, or as otherwise set by the Court.

SO ORDERED this ____ day of October 2020.

                                                                                       UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/s/ *Braden M. Wayne w/p*
Stuart L. Cohran
Braden M. Wayne
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Tel: (972) 387-4040
Fax: (972) 387-4041
Email: braden@swclaw.com

*Local Counsel for Plaintiff*


Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, New York 11771
Tel: (516) 922-5427
Fax: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Lead Counsel for Plaintiff*

/s/   *Robert Ritchie*
Michael C. Holmes
Jeffrey S. Johnston
Robert Ritchie
VINSON & ELKINS LLP
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: (214) 220-7700
mholmes@velaw.com
jjohnston@velaw.com
rritchie@velaw.com

*Counsel for Defendants*


/s/ *Chris Patton w/p*
Michael P. Lynn, P.C.
Chris Patton
LYNN PINKER COX & HURST, LLP
2100 Ross Ave., Suite 2700
Dallas, Texas 75201
Tel: (214) 981-3801
Fax: (214) 981-3839
mlynn@lynnllp.com

*Counsel for Defendants*

5